### Fred Seacord v. George W. Gale.

1. TRIALS BY THE COURT—*Questions of Fact.*—In a trial by the court without a jury the judge is the judge of the facts, and the Appellate Court will not interfere unless the finding is manifestly and clearly against the weight of the evidence.

Assumpsit, for the services of a stallion. Appeal from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

THOMPSON, SHUMWAY & WASSON, attorneys for appellant.

WILLIAMS, LAWRENCE & WELSH, attorneys for appellee; J. B. BROWN, of counsel.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit commenced before a justice of the peace by appellant against the appellee and after trial and judgment in that court appeal was taken to the Circuit Court.

The case was tried by the Circuit Court without a jury and resulted in the finding of the court for the appellee and the court rendered judgment against appellant for cost.

The appellant's claim was for the service of his stallion, Muscovite, to appellee's mare, Georgie S.

Appellant's advertised terms were $200, paid when the services were rendered, with privilege of breeding next year in case no colt was gotten. Appellee, as a defense, relied on a special agreement entered into between them before the services of the horse were rendered. He testified he conversed

with appellant through the telephone and that the latter agreed to furnish the services of his horse to appellee's mare and was to have no pay unless he got a colt; that he got no colt, although the services were rendered.

Appellant testified he did not remember any conversation with appellee through the telephone.

It seems from a conversation between the parties that appellant understood the appellee was to come back the next year with his mare in case he did not get a colt, but the language justified appellee in understanding he was not to pay unless he got a colt. The mare was bred again the next year and appellee only agreed at that time to pay in case he got a colt, insisting on his exemption on the former contract. There is no question of law in the case, only a question of fact. The court was the judge of the fact and this court can not interfere unless the finding is manifestly and clearly against the weight of the evidence.

In this case we do not think that it is in that condition; the judgment of the court below is therefore affirmed.